# ANASTACIO ESCALERA

*v.*

# AMERICAN RAILWAY COMPANY.

RAILROAD—NEGLIGENCE—DUTY OF COMPANY TO THE PUBLIC—DUTY TO PERSONS ON TRACK—CONTRIBUTORY NEGLECT.

A railroad company is in law present in those operating its train. It has the right to the use of its track. In the country, one on it is a trespasser. Those operating the train are not bound to look out for him. In a city or thickly populated place public policy requires a different rule.

May 5, 1903.

HOLT, Judge, gave the following charge to the jury:

The plaintiff, Anastacio Escalera, sues the American Railway Company, and says that on the first day of March, 1903, when he, on horseback, was crossing the track of the defendant on St. Andrés street, San Juan, a locomotive coming from the direction of Rio Piedras struck him, badly injuring him, and that this was through the neglect of those who were operating that engine. The defendant company, in law, was present in the persons of those who were operating it. If they were guilty of neglect, and thereby caused this injury, then the company was guilty, in law, of the neglect, and it is responsible. The question of negligence, whether it existed or not, and if so, upon the part of whom, is one to be determined by you. It is the

province of the court to define negligence, and then you find whether it existed, and, if so, upon whose part.

This railroad company had the right to the use of its track; the plaintiff had the right to pass along the street. In the country where few people are passing about, the rule that controls the conduct of trains is different from what it is in a city or in a place densely populated. In the country a man on the track of a railroad is a trespasser; he has no business there; the railroad company, or those managing its trains, are not bound to look out for him. They are not required to sound a whistle or ring a bell except at public crossings. If one in the country is on a railroad track, unless it be at a public crossing, he is there at his peril. The rule, however, is different in a densely populated place like a city; and the testimony tends to show that where this accident occurred was in the city of San Juan, and the population was, to some extent, dense at that point, and people were passing about on the streets. The rule in such a place is that those in charge of the locomotive— because it is a dangerous power—must be on the lookout for people on its track. Though you may not be educated in the law, you at once, with your common sense, perceive the reason why there is a difference in the rule. Where there are a great many passing about there is greater necessity for one handling a dangerous agency to use greater care, and be on the lookout for people.

Negligence is the opposite of care. It is the failure to do what a reasonable and prudent man would ordinarily do under the like circumstances, or the doing what such a person would not have done under such circumstances. There is also in this case a plea of "contributory negligence;" that is, but for the plaintiff's own neglect, this injury would not have occurred. Contributory negligence is the want of ordinary care, upon

Escalera v. American R. Co.

the part of the injured person, and which is the proximate cause of the injury, and without which it would not have occurred. These two parties—because a corporation is a person under the law—owed duties to each other, and I need not say to you that in a court all persons stand alike before the law. A corporation, in law, is a person; it is entitled to have its rights considered. Every individual, no matter what his station in life may be, is entitled to this. The defendant, under the circumstances of this case, owed the duty to this plaintiff of being on the lookout for persons who might be in danger from the locomotive. Upon the other hand, the plaintiff had no right to recklessly throw himself in front of a train without warning. If a man intends to commit suicide, and throws himself in front of an engine, it is not expected that he will do so, and there is no responsibility on the part of the company. I repeat that those in charge of the locomotive owed a duty to the public, this plaintiff being one of them, of being on the lookout for people who might be in danger from its operation; but it was entitled to the right of way. If the individual saw that the locomotive was coming, and there was not reasonable opportunity for him to pass, it was his duty to give way for it, and not the duty of those in charge of it to stop it for him to pass. Those in charge of the locomotive owed a duty to the public and this individual of being on the lookout for people who might be in danger from its operation. Upon the other hand, the plaintiff was required to use reasonable care not to place himself in danger. In case he failed to use the care a person under such circumstances should have used, and placed himself in danger, and after they discovered his danger they had no opportunity to prevent the injury to him, then he cannot recover, because the injury in such case would be the proximate result of his own negligence. Upon the other hand, if

### Escalera v. American R. Co.

those in charge of the locomotive were guilty of negligence in its operation,—for instance, failed to give warning of its approach, or anything of that character,—and the plaintiff did not have a reasonable opportunity to know of its presence, and did not know it, and was thereby injured by the locomotive coming in contact with him, then the company would be responsible for that injury. If in your opinion, from the testimony, the plaintiff is entitled to recover, then the criterion is the loss which he suffered by reason of being kept from his employment by reason of this injury, and whatever you may believe will compensate him for his pain and suffering and for any permanent injury, if any, resulting from it, not exceeding, however, $5,000.

You are the judges of the credibility of the witnesses and the weight of their testimony. The testimony in this case, as is often so in cases of this character, is quite conflicting. It is for you to reconcile it, and to determine to what testimony you will give the most weight, and what you will determine to be the facts in the case from the evidence. I shall not enter into a detail of it. I recognize that you have listened carefully to it; and if I were to detail it and make a mistake in doing so, it would be your province to correct me.